IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,680-01






EX PARTE ALONZO ALVIN SEAY, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 960426-A IN THE 262ND JUDICIAL

DISTRICT COURT HARRIS COUNTY 



 


 Per curiam. 


O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was charged by indictment with possession with intent to deliver cocaine
in the amount of more than four grams and less than 200 grams, with two enhancements. 
The jury found him guilty as charged, found the two enhancements to be true, and assessed
punishment at imprisonment for life. The conviction was affirmed on appeal. Seay v. State,
No. 01-04-00197-CR (Tex. App.--Houston [1st Dist.], delivered March 17, 2005, no pet.).

 In this application for a writ of habeas corpus, Applicant contends that the trial court
and the State made improper comments and that his trial and appellate attorneys were
ineffective. The State responds and the trial court finds that this application should be
dismissed because it was filed before the direct appeal mandate from the appellate court had
issued. As such, Applicant's conviction would not be final for purposes of Article 11.07 of
the Texas Code of Criminal Procedure. Such a disposition, though, is incorrect.

 The appellate decision was delivered on March 17, 2005, and mandate was issued on
July 11, 2005. Applicant's writ application was filed with the Harris County District Clerk
on November 10, 2005. Thus, at the time of filing, Applicant's conviction was final for
purposes of Article 11.07 of the Texas Code of Criminal Procedure. This application should
not be dismissed.

 Accordingly, this case will be remanded so that the State will have an opportunity to
respond to Applicant's claims and so that the trial court may enter findings of fact and
conclusions of law. Further, it is this Court's opinion that additional information is needed
before this Court can render a decision on these grounds for review, including affidavits from
trial counsel and appellate counsel addressing Applicant's ineffective assistance of counsel
claims.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order affidavits as directed. The trial court may also order
depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court may
also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's application for habeas corpus. Further, because this Court does not hear
evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ
of habeas corpus will be held in abeyance pending the trial court's compliance with this
order. Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. (2)




FILED: February 1, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.